

**Quintairos, Prieto, Wood & Boyer P.A.**
233 Broadway, Suite 2120
New York, New York 10279
**Phone** - (212) 226-4026
**Fax** - (212) 226-4027

qpwblaw.com

December 3, 2025

**VIA ECF**
Hon. Andrew L. Carter, Jr.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007
Courtroom: 444

     RE:   IN RE DMCA SUBPOENA TO CLOUFLARE, INC.
           25-MC-419
           Petitioner's request for a Pre-Motion Conference

Dear Judge Carter:

As you are aware, our offices represent the Petitioner, Francesco Scarso ("Petitioner") in the above referenced matter. Please allow this letter to serve as a request for an informal conference with the Court before our filing of a Motion to Compel pursuant to Local Civil Rule 37.2 and this Court's Individual Practices.

Petitioner wishes to move this Court to compel Respondent, Cloudflare, Inc. ("Respondent" or "Cloudflare") to comply with a subpoena issued by this Court on October 8, 2025. Cloudflare was properly served on October 17, 2025, yet has failed to respond or produce documents. Petitioner sent a meet and confer letter on November 10, 2025, but Cloudflare has blatantly ignored the subpoena in its entirety and has not responded nor complied. Undersigned counsel's office as attempted to contact Cloudflare via phone and email to no avail. The Court should compel compliance and grant appropriate relief to remedy the delay and ensure prompt production.

**Factual Background:**

This Court issued an Order Granting Request to Issue a Subpoena on October 7, 2025 by United States District Judge Andrew L. Carter, Jr. directed to Cloudflare, Inc. [ECF 7] The subpoena directed Cloudflare, Inc. to produce the identity of the individual or entity believed to be infringing on the copyright of Francesco Scarso. The Court issued this Order having considered the Declaration of Anthony C. Varbero, Esq. and all documents submitted in support of the application.

On October 17, 2025, service of the subpoena was effectuated at Cloudflare's New York office located at 1 World Trade Center, 88th Floor, New York, NY 10007, by delivering it to Susan Feldman, Director of Global Workplace, who accepted service of process on behalf of

It's all about **DIFFERENT®** at QPWB, a **National Litigation Law Firm** admitted in nearly all US States and Territories with offices in:

**Alabama • Arizona • California • Colorado • Connecticut • Florida • Georgia • Idaho • Illinois • Indiana • Kentucky • Louisiana Massachusetts • Maryland • Michigan • Missouri • Nevada • New Jersey • New Mexico • New York • North Carolina • Ohio Pennsylvania • Rhode Island • Tennessee • Texas • The US Virgin Islands • Utah • Washington • West Virginia**

Cloudflare, Inc. [ECF 10]Undersigned took further efforts to ensure Cloudflare was aware of the subject subpoena by additionally serving Cloudflare's registered agent in California wherein Jackson Young accepted service of process at 720 14th St. Sacramento, CA 95814 on October 16, 2025. [ECF 9]

Cloudflare has not served objections, responses, or produced documents by the return date November 10, 2025, nor has it sought an extension.

On November 10, 2025, undersigned sent a meet-and-confer letter to Cloudflare, Inc.'s legal department addressing the outstanding subpoena and offering reasonable accommodations to facilitate compliance. Cloudflare did not respond thereafter.

**<u>Legal Standard</u>**

Federal Rule of Civil Procedure 45 governs subpoenas to nonparties. Pursuant to FRCP 45(g) the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). The Court has broad authority to enforce compliance, including ordering production by a date certain and awarding other appropriate relief.

Cloudflare is obligated to comply, having been served properly through Susan Feldman, Director of Global Workplace, who accepted service of process on Cloudflare's behalf at its New York office on October 17, 2025. The subpoena is therefore enforceable. Cloudflare has neither moved to quash nor served timely objections. Its failure to respond or produce is unjustified.

Cloudflare's failure to respond warrants an Order compelling compliance. Cloudflare's complete noncompliance, despite proper service and a good-faith meet-and-confer effort on November 10, 2025, warrants an order compelling full compliance by a date certain. The requested materials are relevant and proportional to the needs of the case, and Cloudflare has articulated no burden or privilege objections.

Appropriate relief is warranted to ensure prompt production. Given Cloudflare's failure to respond and the resulting delay, the Court should compel immediate compliance and grant other appropriate relief. If Cloudflare continues to disregard its obligations, the Court should consider sanctions under Rule 45(g) and the Court's inherent authority.

As such, Petitioner requests that this Court allow Petitioner to file a Motion to Compel Cloudflare's Compliance with the Subpoena.

Very truly yours,

QUINTAIROS PRIETO WOOD & BOYER

ANTHONY C. VARBERO, ESQ.

It's all about **DIFFERENT®** at QPWB, a **National Litigation Law Firm** admitted in nearly all US States and Territories with offices in:

Alabama • Arizona • California • Colorado • Connecticut • Florida • Georgia • Idaho • Illinois • Indiana • Kentucky • Louisiana
Massachusetts • Maryland • Michigan • Missouri • Nevada • New Jersey • New Mexico • New York • North Carolina • Ohio
Pennsylvania • Rhode Island • Tennessee • Texas • The US Virgin Islands • Utah • Washington • West Virginia