Perkins Coie LLP
1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711

T. +1.212.262.6900
F. +1.212.977.1649
perkinscoie.com

**VIA ECF AND EMAIL**

April 24, 2026

Rachel S. Mechanic
Partner
RMechanic@perkinscoie.com
D. +1.212.261.6811
F. +1.212.399.8081

Hon. Andrew L. Carter, Jr.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007
Courtroom: 444
ALCarterNYSDChambers@nysd.uscourts.gov

**Re:**     *In re DMCA § 512(h) Subpoena to Cloudflare, Inc.*,
        **S.D.N.Y. Case No. 1:25-mc-00419-ALC**
        **Response to Petitioner's Request for a Pre-Motion Conference**

Dear Judge Carter:

We represent non-party Google LLC ("Google") in connection with the subpoena issued by Petitioner Francesco Scarso ("Petitioner") on March 24, 2026 (the "Subpoena"). The Subpoena purports to seek identifying information for the individual(s) associated with the email address M61821082@GMAIL.COM (the "Account"). Although the Subpoena was issued in the above-captioned miscellaneous action, *In re DMCA § 512(h) Subpoena to Cloudflare, Inc.*, Petitioner incorrectly maintains that it was properly served pursuant to Federal Rule of Civil Procedure 45(a)(3). *See* Petitioner's Request for Pre-Motion Conference at 1, ECF No. 21.

Google served objections to the Subpoena on April 9, 2026; served supplemental objections on April 14, 2026; and met and conferred with counsel for Petitioner on April 16, 2026. During that meet and confer, Petitioner's counsel took the position that the Subpoena was not issued pursuant to the Digital Millennium Copyright Act, 17 U.S.C. § 512(h) ("DMCA"), but rather pursuant to Rule 45. Petitioner's counsel subsequently demanded that Google advise whether it would produce responsive documents by April 21, 2026. Google then served additional objections on April 21 and, that same day, attempted to contact Petitioner's counsel by phone to discuss again why the Subpoena is improper and facially invalid. Petitioner's counsel did not return these calls but instead responded by email, stating "I disagree with the representations and case law you cited. I will file our Motion to Compel accordingly."

The gravamen of Google's objections to the Subpoena is that the DMCA's expedited subpoena process is a narrow and limited statutory process that allows only the clerk of court to issue a subpoena to a service provider alleged to have stored material infringing the requestor's copyright, and only after the requestor has submitted a notice of claimed infringement to that same service provider. *See* 17 U.S.C. § 512(c), (h). A miscellaneous action opened pursuant to Section 512(h) does not name any plaintiff or any defendant, and thus does not constitute an ongoing case or controversy in which a third-party subpoena may be issued under Rule 45. Thus, regardless of

April 24, 2026
Page 2

whether Petitioner seeks to invoke the DMCA or Rule 45, the Subpoena is improper and invalid for numerous reasons, including the following:

*First*, Petitioner cannot issue a Rule 45 subpoena to Google in a miscellaneous action opened for the purpose of requesting a subpoena under 17 U.S.C. § 512(h) to Cloudflare, Inc. ("Cloudflare"). In such an action, the "sole issue presented in the case [is] whether the [DMCA] subpoena should be enforced or not." *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 875 (N.D. Cal. 2022); *see also, e.g.*, *In re Watch Tower Bible & Tract Soc'y of Pa.'s Request for Issuance of a Subpoena*, No. 18MC301 (DLC), 2018 WL 3187355, at *1 (S.D.N.Y. June 28, 2018) ("The relief sought in the action is limited to the issuance of a subpoena."). Here, the sole issue in the above-captioned action was whether Cloudflare complied with the DMCA subpoena issued to it on October 7, 2025. Cloudflare appears to have done so, producing the records sought by that subpoena (*see* ECF No. 19), which thereby resolved "the sole issue in the case" such that "the dispute between the parties is fully decided." *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020). Thus, there is no ongoing case or controversy in which Petitioner may issue a Rule 45 subpoena.

*Second*, to the extent Petitioner intended to issue the Subpoena under Section 512(h) of the DMCA, he has failed to comply with several of the statutory requirements for the issuance of such a subpoena. A party seeking to issue a subpoena under Section 512(h) must submit a proposed subpoena, notice of infringement, and supporting affidavit to the court clerk, who must issue the subpoena only if all of these statutory requirements are met. 17 U.S.C. § 512(h). Here, the Subpoena was only signed and issued by Ms. Javier and there is no evidence on the docket suggesting it was submitted to the clerk for review. Further, a DMCA subpoena must be served "simultaneously with or subsequent to the notification" to Google outlined in Section 512(c)(3), *In re Watch Tower Bible*, 2018 WL 3187355, at *1 (denying request for issuance of subpoena because it "[did] not include a copy of a notification that meets the requirements of Section 512(c)"). To date, Google has received no such notification.[1]

*Third*, the Subpoena appears to require Google to disclose the identity of users who anonymously posted certain content. Such a request implicates those users' First Amendment rights to engage in anonymous speech and obligates Petitioner to offer evidence showing that he can make a prima facie cause of action against the anonymous speakers. *See, e.g.*, *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (discussing multifactor test to be applied where a party seeks to subpoena records to identify an anonymous speaker alleged to have infringed copyright and acknowledging that the "First Amendment provides protection for anonymous speech" (citations omitted)). We understand that Petitioner has not filed an action against the alleged copyright infringer or otherwise adduced evidence showing that Petitioner can assert a cause of action against the holder of the Account.

---

[1] Google reserves the right to assert additional objections, or to supplement its objections and responses as appropriate, particularly if any additional information regarding the Subpoena is provided.

April 24, 2026
Page 3

*Fourth*, the Subpoena designates a place of compliance that is more than 100 miles from third-party Google's headquarters in Mountain View, California. *See* Fed. R. Civ. P. 45(c)(2)(A); *Europlay Cap. Advisors, LLC v. Does*, 323 F.R.D. 628, 629–30 (C.D. Cal. 2018) (quashing subpoena that demanded compliance "more than 100 miles from Mountain View," where Google resides).

For the foregoing reasons, Google respectfully requests that this Court deny Petitioner's request to file a Motion to Compel Google's Compliance with the Subpoena. If the Court is inclined to allow Petitioner's Motion to proceed, then pursuant to Local Civil Rule 37.2 and Section 2.A of Your Honor's Individual Practices, Google hereby requests this Court's permission to move to quash the Subpoena under Federal Rule of Civil Procedure 45(d)(3).

Sincerely,

*/s/ Rachel S. Mechanic*
Rachel S. Mechanic