**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X

**IN RE: DMCA SUBPOENA TO CLOUDFLARE, INC.**

**25 Misc. 419 (ALC) (GS)**

**ORDER**

---------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

On April 21, 2026, Petitioner Francesco Scarso ("Petitioner") submitted a letter-motion for leave to file a motion to compel non-party Google, LLC ("Google") to comply with a subpoena issued under Fed. R. Civ. P. 45(a)(3). (Dkt. No. 21). Google opposed the request in a letter filed on April 24, 2026. (Dkt. No. 25). For the following reasons, Petitioner's motion is **DENIED**.[1]

Petitioner began this action on September 23, 2025, requesting that the Clerk of Court issue a subpoena to Cloudflare, Inc. ("Cloudflare") pursuant to the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512(h). (Dkt. No. 1). Petitioner alleged that Cloudflare was the service provider for a website, https://frankscarso.com, that was displaying copyrighted photographs of Francesco Scarso in violation of copyright law. (*Id.* at 1 & Ex. B). Through the subpoena, Petitioner sought to "obtain the identity of [the] alleged infringer or infringers," *i.e.*, the operators and/or owners of the website. (*Id.* at 2 & Ex. A). Petitioner subsequently obtained and served a subpoena under the DMCA to Cloudflare, who,

---

[1] On April 27, 2026, this matter was referred to the undersigned to resolve this specific non-dispositive dispute. (Dkt. No. 26 & Dkt. Entry dated April 27, 2026).

according to Petitioner, "complied with the subpoena and produced responsive information." (Dkt. No. 23 at 1).

However, Petitioner states that "Cloudflare's production did not reveal the identity of the alleged infringer[.]" (*Id.*). Consequently, Petitioner served a subpoena to Google on March 26, 2026 under Fed. R. Civ. P. 45(a)(3) "seeking additional identifying information related to the operation and hosting of the subject website." (*Id.* at 1–2). Google served objections to the subpoena, arguing, *inter alia*, that "[a] miscellaneous action opened pursuant to Section 512(h) does not name any plaintiff or any defendant, and thus does not constitute an ongoing case or controversy in which a third-party subpoena may be issued under Rule 45." (Dkt. No. 25 at 1). Petitioner's motion for leave followed.

Based on the parties' submissions, the Court perceives no basis for Petitioner's service of a Rule 45 subpoena to Google. The function of a Rule 45 subpoena is "to compel the attendance of witnesses and the production of documents so that the court may have access to all of the available information for the determination of controversies before it." *Mirra v. Jordan*, No. 13 Civ. 5519 (AT) (KNF), 2015 WL 8526550, at *2 (S.D.N.Y. Dec. 7, 2015) (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2451 (3d ed. 2008)). But the only "controversy" before the Court is the miscellaneous proceeding filed by Petitioner requesting the issuance of a subpoena to Cloudflare pursuant to Section 512(h) of the DMCA.

Proceedings initiated under 17 U.S.C. § 512(h) are limited scope actions where the "relief sought in the action is limited to the issuance of [the] subpoena." *In re Watch Tower Bible & Tract Soc'y of P.A.'s Request for Issuance of a Subpoena*, No. 18 Misc. 301 (DLC), 2018 WL 3187355, at *1 (S.D.N.Y. June 28, 2018); *see also In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d. 868, 875 (N.D. Cal. 2022) (noting that a DMCA subpoena "is its own civil case," and "the sole issue presented" in such a case is "whether the subpoena should be enforced or not" (citation omitted)). In other words, a DMCA subpoena is a "'prelitigation subpoena,' and is thus distinguishable from a Rule 45 subpoena, which 'contemplates a court action or other proceeding which preexists, and serves as a basis for authorizing the issuance of a subpoena.'" *Strike 3 Holdings, LLC v. Doe,* No. 1:25-CV-00433-PTG-LRV, 2025 WL 1582344, at *2 (E.D. Va. June 4, 2025) (quoting *In re Subpoena to Univ. of N.C. at Chapel Hill*, 367 F. Supp. 2d 945, 958 (M.D.N.C. 2005)).

Here, Petitioner's request for issuance of a DMCA subpoena to Cloudflare was granted, and Cloudflare has complied with the subpoena. This controversy is therefore at an end, which means that there is no proper basis for issuance of a Rule 45 subpoena in this action. *See, e.g.*, *Kissel v. DiMartino*, No. 91 Civ. 5029, 1992 WL 135232, at *1 (E.D.N.Y. May 28, 1992) (holding that "[a]ccess to discovery devices, including subpoenas, is predicated upon the existence of a pending action," and quashing Rule 45 subpoena where motion to dismiss action had been granted (internal quotation marks omitted)), *aff'd*, 979 F.2d 845 (2d Cir. 1992); *Collins v.*

*Experian Credit Reporting Serv.*, No. 3:04CV1905(MRK), 2006 WL 2850411, at *1 (D. Conn. Oct. 3, 2006) ("Rule 45 does not permit a party to use a subpoena to obtain information from non-parties that is unrelated to the action in which the Rule 45 subpoena is issued.").

Consequently, there is no basis for Petitioner's proposed motion to compel Google to comply with the subpoena. Petitioner's request to file a motion to compel is therefore denied. If Petitioner wishes to serve a DMCA subpoena on Google, it must commence a new proceeding in a proper jurisdiction and in accordance with the requirements of 17 U.S.C. § 512(h). The Clerk of Court is respectfully directed to close Docket Number 21.

**SO ORDERED.**

DATED: New York, New York
August 21, 2026

The Honorable Gary Stein
United States Magistrate Judge